Estate of Rose B. Biel, Antoinette B. Jacobson and William Biel, Executors v. Commissioner.
Estate of Rose B. Biel v. Commissioner
Docket No. 34490.
United States Tax Court
1952 Tax Ct. Memo LEXIS 43; 11 T.C.M. (CCH) 1092; T.C.M. (RIA) 52322; November 10, 1952
*43 William Biel, Esq., for the petitioners. Mason B. Leming, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $29,772.16 in estate tax. The only issue is whether $24,100 is deductible from the gross estate as claims against the estate incurred for a full and adequate consideration in money or money's worth. The facts have been presented by a stipulation. Rose B. Biel, the decedent, died on June 28, 1947, aged 79, while residing in New York City. The estate tax return was filed with the collector of internal revenue for the Third District of New York. The decedent's husband, Louis Biel, had died intestate in New York in August 1915, survived by Rose and their four children, Leonard, William and Herbert J. Biel, and Antoinette B. Jacobson, wife of Joseph C. Jacobson. Included in the assets of Louis' estate was Jacobson's note for $20,000, the terms of which and the value of which, if any, at times material hereto have not been shown. The net estate was distributable one-third to Rose and one-sixth to each of the four children. The record does not show when it was distributed. Herbert was under 21 at his *44 father's death and his one-sixth of that estate was distributed to his guardian. He received no interest on the Jacobson note in the distribution. Rose made four promissory notes, each for $20,000 without interest, payable one year after her death, dated October 1, 1917, one payable to each of her four children. There was no consideration for the notes in money or money's worth. A corporation known as "L. B. Corporation" was thereafter formed by Rose, Antoinette, Leonard and William. Each assigned to the corporation his or her share of Louis' estate, including all of the $20,000 Jacobson note, Rose receiving two-fifths of the stock and each of the three children receiving one-fifth. The corporation thereafter acquired the three $20,000 notes given by Rose to Antoinette, Leonard and William. Antoinette's note was received in exchange for the $20,000 Jacobson note of her husband, but the record does not show how the corporation acquired the notes from Leonard and William. Antoinette then returned Jacobson's note to him. William surrendered his stock in the corporation in 1922 and Leonard surrendered his stock in 1927 each in exchange for one-fifth of its assets, including a *45 one-fifth interest in the three Rose notes. The corporation was dissolved in 1938 at which time Rose was entitled to two-thirds and Antoinette one-third of its assets, including the three Rose notes. The executors of Rose paid Herbert $20,000 on his note one year after Rose died and at the same time paid Antoinette, Leonard and William $12,000 each on the notes payable to them. Deductions for "debts of the decedent" were claimed, in the estate tax return for Rose's estate, of $12,000 each for the Antoinette and Leonard notes, $12,100 for the William note, and $20,000 for the Herbert note. The Commissioner, in determining the deficiency, disallowed all of those claimed deductions and explained that the debts had not been contracted for a full and adequate consideration in money or money's worth. The petitioners concede that Herbert and Antoinette did not give a full and adequate consideration in money or money's worth for the $20,000 notes given to them by the decedent and the Commissioner did not err in disallowing the claimed deductions of $20,000 and $12,000 based upon those notes. It is equally clear that the other two notes were likewise given to Leonard and William by *46 Rose without the slightest consideration in money or money's worth. The petitioner contends, however, that Leonard and William gave consideration for their notes by way of a detriment of $4,000 each in their interest in the Jacobson note when they transferred their Rose notes to the corporation without receiving anything in exchange while Antoinette received her husband's note for $20,000 from the corporation in exchange for her Rose note. One fatal defect in that argument is the lack of facts in the record to support it. The value, if any, of the Jacobson note at that time or at any other is not shown. The record does not show why any of those transfers was made, what connection, if any, there was between the transfers by Leonard and William and the exchange made by Antoinette, or what, if any, consideration there might have been for the transfers made by Leonard and William. The fact that Rose, Leonard and William allowed the corporation to transfer the Jacobson note to Antoinette in exchange for her Rose note does not show that the interests which Leonard and William may thus have surrendered in the Jacobson note then became consideration for their own Rose notes which they transferred *47 to the corporation so that a deduction from Rose's estate is proper. The petitioner has the burden of proof and the Court may not make guesses favorable to the petitioner in the absence of proof. The Commissioner did not err in denying the deductions claimed on the basis of Rose's notes. Decision will be entered for the respondent.